# EXHIBIT A

# DOCKET

| COURT NO. | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | CAUSE NO. 15-DCV-220724 |
|---|---|---|---|---|
| 400TH JUDICIAL DISTRICT COURT | PERFIT VISION, EYEWEAR EXPRESS INC. DBA PERFIT VISION & JOHN LUONG VS MOUNT VERNON FIRE INSURANCE COMPANY | CARLOS A PENICHE<br><br>LAW LYN & PHILIP PC<br>3555 TIMMONS LANE STE 790<br>HOUSTON TX 77027<br>713-961-0900 | Contract - Consumer/Commercial/Debt | DATE OF FILING<br>MONTH DAY YEAR<br>01/28/2015 |

STENOGRAPHER USED? YES / NO

JURY FEE:
PAID BY:

DATE OF ORDERS
MONTH | DAY | YEAR

ORDERS OF COURT

15-DCV-220724
DKSH
Docket Sheet

CAUSE NO. 15-DCV-22072A

PERFIT VISION, EYEWEAR EXPRESS INC. DBA PERFIT VISION & JOHN LUONG VS MOUNT VERNON FIRE INSURANCE COMPANY

| DATE OF ORDERS | | |
|---|---|---|
| MONTH | DAY | YEAR |
| | | |
| | | |
| | | |

Filed
1/28/2015 3:01:49 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Sonny Garcia

CAUSE NO. **15-DCV-220724**

| | | |
|---|---|---|
| PERFIT VISION, EYEWEAR EXPRESS INC. DBA PERFIT VISION & JOHN LUONG, Plaintiffs | § § § | IN THE DISTRICT COURT |
| | §| Fort Bend County - 400th Judicial District Court |
| v | § § | _____ JUDICIAL DISTRICT |
| MOUNT VERNON FIRE INSURANCE COMPANY, Defendant | § § § | FORT BEND COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

1. PERFIT VISION, EYEWEAR EXPRESS INC. DBA PERFIT VISION & JOHN LUONG, plaintiffs, file their original petition, complaining of defendant MOUNT VERNON FIRE INSURANCE COMPANY and respectfully show unto the Court the following:

2. **Level 2 Discovery:** Plaintiffs intend to conduct discovery under level 2 of TRCP 190.

3. **PARTIES:** Plaintiff EYEWEAR EXPRESS INC. DBA PERFIT VISION ("Eyewear") is a Texas corporation with its principal office located in Fort Bend County, Texas, and does business as "Perfit Vision" and is commonly known as "Perfit Vision".

4. Plaintiff JOHN LUONG ("Luong") is an individual residing in Fort Bend County Texas and is one of the owners of "Perfit Vision".

4.1 **Perfit Vision** is the common name of the business insured in this lawsuit and this suit is brought under the business' common name under TRCP 28.

5. Defendant **MOUNT VERNON FIRE INSURANCE COMPANY** is a Pennsylvania insurance company eligible to serve as a surplus lines insurer in the state of Texas,

Page **1** of **8**

does not maintain an agent for service in the state of Texas and, by virtue of §804.106 of the Texas Insurance Code, has appointed the Texas Secretary of State as its agent for service of process and may be so served by the Texas Secretary of State by certified mail return receipt requested at P.O. Box 12079, Austin, Texas 78711-2079 for forwarding to its corporate offices, attention General Counsel, 1190 Devon Park Drive, Wayne, Pennsylvania 19087.

6.  **JURISDICTION AND VENUE:** This court has subject matter jurisdiction over this case because the amount in controversy is within the Court's jurisdictional limits. Venue for this cause is proper because the contract of insurance made the basis of this lawsuit was for coverage on the plaintiffs' business and property located in Fort Bend County and all or substantially all of the events that give rise to this lawsuit occurred in Fort Bend County.

7.  **TRCP 47 CLAIM FOR RELIEF:** Monetary relief over $200,000 but not more than $1,000,000 is being sought.

8.0  **FACTS:**   Eyewear does business as Perfit Vision, is commonly known as Perfit Vision and is located at 4555 Highway 6, Suite A, Sugar Land, Texas 77478. Eyewear is owned by several persons, including Luong and his brother in law, Dr. Chris Tran. Perfit Vision is an eyewear store which sells glasses and frames and has expensive equipment used for cutting lenses to fit frames. Prior to Eyewear becoming the owner of the store on or about March 7, 2013, the same premises had been operated as a Pearle Vision franchisee by Luong and his wife, Lisa Tran, sister of Dr. Tran. Dr. Tran, an ophthalmologist, provides eye examinations at the same location as he did when it was a Pearle Vision store. The premises were built out new in 2006 and have been always been an eyewear store, either as Pearle Vision or Perfit Vision.

8.1  Luong was authorized by Eyewear to obtain insurance for Perfit Vision. In an

application for insurance from the defendant, dated on or about February 21, 2014, and filled out by an insurance agent Luong had dealt with in the past as the Pearle Vision store, Luong failed to notice that the insured was erroneously listed on the application as "Chris Tran and John Luong DBA Perfit Vision". The defendant subsequently issued a business owners policy of insurance effective February 21, 2014 to February 21, 2015, with the named insured on the policy stated as "Chris Tran and John Luong DBA Perfit Vision".

8.2     An owner of a business has an insurable interest and Luong sought to cover the business known as "Perfit Vision". The policy issued by the defendant, number BP 2561349, correctly lists the Perfit Vision business address and properly classified the location as a "medical office". Hereafter, the plaintiffs are collectively denominated as Perfit Vision unless stated otherwise.

8.3     The policy covered two Perfit Vision locations including the Sugar Land store and another located in The Woodlands, Texas. The Sugar Land store was identified as "premises 1, building 1" in the policy. The policy provided for business owners property coverage, including business income and extra expense up to $105,000 limits and business personal property up to $300,000 limits at the Sugar Land store.

8.4     On the morning of March 10, 2014, a Monday, Perfit Vision discovered the Sugar Land premises had been burglarized sometime between Saturday, March 8, 2014, 5:11 p.m., when the store closed for business and the time of the discovery. The loss was promptly reported to the defendant on March 10, 2014. The defendant delegated Prodigy Assurance Adjusters to inspect the damage and investigate the facts of the loss.

8.5     An adjuster for Prodigy went to the store, inspected the damage and interviewed

Luong, who completely cooperated. The policy includes a "Protective Devices or Services Provisions" endorsement, BP-115, which requires "P-7", functioning and operational central station burglar alarms with a monitoring contract as a condition for coverage of loss due to theft. The store was in fact in possession of a functioning and operational central station burglar alarm with a monitoring contract via Alarmtek and NMC dating back to the days the store was a Pearle Vision franchise. The burglar alarm equipment had been installed new when the store was built out in 2006.

8.6     After the loss, Luong assisted with the investigation and acquired from Alarmtek an "event history" report for the month of March 2014 based upon the alarm monitoring service Perfit Vision had in effect. The event history report was given to defendant via Prodigy. The report contains records of when the store was "open", meaning the alarm system was turned off, and when the store was "closed", meaning the alarm had been activated. The record clearly shows that on March 8, 2014, the store was "opened" at 8:43 a.m. and "closed" at 5:11 p.m.

8.7     The store hours are posted and were made known to the defendant via Prodigy. The store hours are 10:00 a.m. to 6:00 p.m., Monday through Friday, 10 a.m. to 5:00 p.m. Saturday. The store is closed on Sundays. The event report establishes that on Saturday, March 8, 2014, the store was equipped with a functioning and operational central station burglar alarm with a monitoring contract when the store was locked up and closed for business at 5:11 p.m. The police incident report, also provided to defendant via Prodigy, shows the burglary was reported to the Sugar Land Police Department at 9:52 a.m. Monday March 10, 2014 and that it was discovered at 9:30 a.m. Prodigy was advised that the store was not open for business at any time after closing Saturday evening and before the discovery of the burglary on Monday

morning.

8.8     As a result of the burglary, the following items of equipment were stolen: an auto-refractor (used to measure a person's refractive error and for lenses/contact prescriptions); a tonometer (used to measure pressure in the eyeball to test for glaucoma); an edger (used to cut prescription lenses down to frame size); a Combimax tracer (used to trace frames for lenses fitting); and, the video hard drive to the security camera, which should have shown the image of any burglar. Additionally, a Zeiss visual field analyzer machine, used to test for glaucoma, was damaged. Also, numerous frames were stolen. Perfit Vision staff promptly reviewed its business records to determine which frames had been stolen and highlighted supplier invoices to show what was stolen. All of these losses were documented to the defendant via Prodigy. Whatever was asked of Perfit Vision was provided to defendant via Prodigy.

8.9     In spite of the fact that the loss was covered by the policy and the extent of the loss was documented by Perfit Vision, on August 6, 2014, defendant denied the claim in its entirety on the sole basis that according to the alarm company the alarm "was not set on the captioned date of loss". The defendant invoked the "Protective Devices or Services Provisions" endorsement.

8.10    The defendant's denial letter cites symbol P-7 (functioning and operational central station burglar alarms with a monitoring contract) and quotes the policy:

> "we will not pay for loss or damage caused by or resulting from vandalism, burglary, theft or any other act of stealing if, prior to the vandalism, burglary, theft or any other act of stealing, you:
> (1) Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or
> (2) Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order."

8.11   The alarm in question was not suspended or impaired and thus Perfit Vision had no reason to notify defendant of that. The alarm in question was in complete working order when Perfit Vision closed for business and activated at 5:11 p.m. on Saturday March 8, 2014 and, upon discovering the burglary on March 10, 2014, the alarm did not require a repair. It was still in good working order. The defendant's denial of Perfit Vision's claims is unfounded based upon the contract language of the policy.

8.12   As a result of the defendant's long delays in handling and subsequent denial of the claim, Perfit Vision not only lost the value of the stolen goods and the cost to repair damage to the equipment and the leasehold (broken glass), the plaintiff has also experienced reduced income due to the uncompensated losses for which plaintiff sues.

**Causes of Action**

9.0   **Breach of contract.** Under the facts alleged above, defendant has breached the policy in question by refusing to pay plaintiffs valid claims under the policy in question for which Perfit Vision sues.

9.1   **Violation of the Texas Prompt Payment of Claims Act (TPPCA) (Ins. Code Chapter 542).** Under the facts alleged above the defendant has violated the following provisions of the TPPCA:

§ 542.056.  Notice of Acceptance or Rejection of Claim

(a) Except as provided by Subsection (b) or (d), an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss. ...

(c) If the insurer rejects the claim, the notice required by Subsection (a) or (b) must state the reasons for the rejection.

(d) If the insurer is unable to accept or reject the claim within the period specified by Subsection (a) or (b), the insurer, within that same period, shall notify the claimant of the reasons that the insurer needs additional time. The insurer shall accept or reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection.

§ 542.058. Delay in Payment of Claim

(a) Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

§ 542.060. Liability for Violation of Subchapter

(a) If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

(b) If a suit is filed, the attorney's fees shall be taxed as part of the costs in the case.

Perfit Vision's claim for the burglary losses due under a policy of insurance is a claim for insurance benefits under the TPPCA. Defendant wrongfully denied the claim and is liable for the sums due under the policy, the 18% penalty, attorney's fees and costs.

    9.2    **Breach of the Duty of Good Faith and Fair Dealing.** Under the facts alleged above, the defendant has breached its duty of good faith and fair dealing towards the plaintiff in that the following occurred:

1. There was an insurance contract between the plaintiff insured and the defendant- insurer, which created a duty of good faith and fair dealing;
2. The defendant breached its duty when it
   (1) denied or delayed payment when liability was reasonably clear, or
   (2) canceled an insurance policy without a reasonable basis, and
3. The defendant's breach proximately caused the plaintiff's damages.

As a result of the defendant's violation of its duty of good faith and fair dealing, the plaintiff suffered actual damages for which it sues.

    10.0    **Attorney's Fees:** Plaintiff made demand upon defendant for payment of the account more than 30 days prior to the filing of this suit and, pursuant to TCPRC §38.001, et.

seq., plaintiff is entitled to recover a reasonable amount as attorney's fees. A reasonable amount of attorney's fee for the plaintiff is at least $2500.00 as of the filing of this lawsuit.

11.0 **EXEMPLARY DAMAGES:** Perfit Vision is entitled to exemplary damages against the defendant as a result of its breach of the duty of good faith and fair dealing, for which Perfit Vision sues.

12.0 **PRAYER:** Plaintiffs ask that defendant be cited to appear and answer and after trial on the merits that the Court grant judgment to plaintiffs as follows:

a. The amount of damages due under the contract of insurance;

b. Actual damages caused by defendant's breach of the duty of good faith and fair dealing;

c. The 18% penalty on the contract amount owed for violating the TPPCA;

d. Exemplary damages

e. Attorneys' fees at $300 per hour for prosecuting this case;

f. Costs of court;

g. Prejudgment interest at 6% as allowed under §302.002 Texas Finance Code;

h. Post-judgment interest at the highest lawful rate

i. Any other relief to which the plaintiff may be entitled.

Respectfully submitted,

LAM, LYN & PHILIP, P.C.
//s//

Carlos Peniche
State Bar No. 15748300
3555 Timmons Lane, Ste 790
Houston, Texas 77027
Phone 713-981-0900
Facsimile: 713-772-7085
Attorney for Plaintiffs
cpeniche@llppc-law.com

Page **8** of **8**

CAUSE NO. 15-DCV-220724

| | | |
|---|---|---|
| PERFIT VISION, EYEWEAR EXPRESS INC. DBA PERFIT VISION & JOHN LUONG | § § § § | IN THE DISTRICT COURT OF |
| V. | § § § § § | FORT BEND COUNTY, TEXAS |
| MOUNT VERNON FIRE INSURANCE COMPANY | § § | 400TH JUDICIAL DISTRICT |

## NOTICE TO ADVERSE PARTY OF
## REMOVAL TO UNITED STATES DISTRICT COURT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Mount Vernon Fire Insurance Company, while preserving and without waiving its defenses, has filed a Notice of Removal of this action under 28 U.S.C. §§ 1332(a) (Diversity of Citizenship) and 1446 to the United States District Court for the Southern District of Texas. Attached hereto as **Exhibit A** is a true and correct copy of said Notice of Removal.

This Court is requested to proceed no further with this matter unless and until the case is remanded.

Respectfully submitted,

BINGHAM, MANN & HOUSE

BY: /s/ Lisa G. Mann
    LISA G. MANN
       Attorney-In-Charge
       State Bar No. 12929200
    DEBRA BRADBERRY
       State Bar No. 24048362
    4500 Yoakum Boulevard
    Houston, TX 77006
    Telephone: (713) 357-9873
    Facsimile: (713) 559-3050
    lmann@bmh-law.com
    dbradberry@bmh-law.com

ATTORNEYS FOR DEFENDANT
MOUNT VERNON FIRE INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify service of the foregoing in accordance with the Texas Rules of Civil Procedure on February 12, 2015, as follows:

<u>By Certified Mail, Return Receipt Requested</u>:
Carlos Peniche
LAM, LYN & PHILIP, P.C.
3555 Timmons Lane, Suite 790
Houston, Texas 77027
**Attorneys for Plaintiffs**

/s/ Lisa G. Mann
LISA G. MANN