UNITED STATES DISTRICT COURT                SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

September 22, 2016

David J. Bradley, Clerk

| | | |
|---|---|---|
| Perfit Vision, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-15-408 |
| | § | |
| Mount Vernon Fire Insurance Company, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Judgment

1.  *Introduction.*

    John Luong will not recover from Mount Vernon Fire Insurance Company on the policy covering an optician's store.

2.  *Background.*

    John Luong owns some portion of Eyewear Express, Inc. In 2013, Eyewear bought a store and renamed it Perfit Vision. Mount Vernon Fire Insurance Company issued Loung a one-year casualty policy for the business with coverage starting February 21, 2014. The policy's assured is "John Luong DBA Perfit Vision."

    Luong reported to Mount Vernon that sometime over the weekend of March 8–9 the store had been burgled. He filed a claim with Mount Vernon for the losses.  Mount Vernon denied it.

3.  *Policy.*

    The policy was predicated on Luong's (a) warranty that the information he supplied in the application was true and (b) payment of 25% of the premium as a down payment. When he applied for the policy, the insurer required him to disclose earlier insurance policies, including information about claims and cancellations of coverage.

A.    *Earlier Policy.*

From 2011 to 2013, Luong was insured under a policy with Allstate. He claimed benefits twice on it. In September of 2013, Allstate cancelled the policy because Luong had not paid the premium. In the application for Mount Vernon, he expressly warranted that he had not claimed under a policy in the preceding three years. In reality, he had had the Allstate policy and had filed two claims – somewhat similar to the ones against Mount Vernon. These clear misrepresentations are material to the underwriting decision. They void the policy.[1]

B.    *Non-payment.*

On April 1, 2014, Mount Vernon learned that Luong had not paid the premium. On April 3, 2014, Mount Vernon sent Luong a notice of cancellation for nonpayment, telling him the cancellation would be effective April 22, 2014. Non-payment cancels the policy.[2]

4.    *Claim.*

On March 10th, Luong reported a loss to Mount Vernon and filed a claim. During an apparent burglary, optometry equipment and the hard drive for the security camera were stolen. In denying the claim, Mount Vernon said (a) the policy did not insure Perfit or Eyewear, (b) burglar alarm was not armed, (c) policy's premium was unpaid, and (d) Luong had lied on his application.

Luong sued Mount Vernon for breach of the policy. He added a cluster of potentially related claims: good faith and fair dealing, Texas Prompt Payment of Claims Act, Texas Unfair Settlement Practices Act, and Deceptive Trade Practices Act.

---

[1] *Lane v. Travelers Indem., Co.,* 391 S.W.2d 399, 402 (Tex. 1965).

[2] *California-Western States Life Ins. Co. v. Williams,* 120 S.W.2d 844, 846 (Tex. Civ. App.-El Paso 1938, writ dism'd).

5.     *Standing.*

Perfit is an assumed name of Eyewear Express, Inc., a Texas corporation. Luong is apparently a part owner of Eyewear. The policy's assured is Luong doing business as Perfit Vision. In this instance, the appending of "DBA Perfit Vision" to Luong's name is a nullity because it was registered to the company. Luong cannot buy insurance in his name on a distinct company's assets nor sue for their loss. Luong has not shown precisely what his interest is in Eyewear.

Eyewear and Perfit are the same thing. One is its formal name; and the other its nickname – they are an identity in the senses both of logic and persona. If the policy had been issued to Luong and Perfit Vision, Eyewear might have been an assured, but it was not issued with two parties.

An insurance policy – like other contracts – may only be enforced by a party to it or in rare circumstances a true third-party beneficiary – those to whom the insurer promised performance and to whom the party performed its consideration.[3]

Eyewear and Perfit have no standing to complain of a breach of the policy. They also have no claim under laws that protect parties to a contract or their transaction. Mount Vernon, having never dealt with them, cannot be liable for misdealing them. Eyewear and Perfit will take nothing from Mount Vernon.

6.     *Alarm.*

The policy required Luong to "maintain" a burglar alarm at the store "in complete working order." An alarm is not in working order when it is off.[4] Luong claims the burglary was between March 8th and March 10th. The alarm company's records say:

- Alarm turned on at 5:11 p.m., Saturday, March 8th
- Alarm turned off at 9:10 p.m., Sunday, March 9th

---

[3] *Palma v. Verex Assure., Inc.,* 79 F.3d 1453, 1456 (5th Cir. 1996).

[4] *Phoenix Ins. Co. v. Ross Jewelers, Inc.,* 362 F.2d 985, 989 (5th Cir. 1966).

It was still off when employees discovered the burglary at 9:50 a.m., Monday, March 10th. Luong did not maintain the alarm for 12 hours overnight when the store was closed – unattended by workers, the time it was needed.

Luong says that the alarm worked and continues to work. He also quibbles that he maintained the alarm – without a single supporting fact – and that the alarm company's reports are unreliable. He mentions what he calls idiosyncracies on days unrelated to his claim, like the report showing that the alarm was turned off twice consecutively. He admits that his son may have been the one who turned the alarm off; Luong is responsible for those to whom he gives the code. We have no testimony from the son.

In another case, the policy required the insured to exercise due diligence in maintaining its alarm and specifically mentioned training its employees. The trial court examined the training procedures and concluded that the insured did all that could be expected to ensure that the alarm system was in complete working order.[5] This case is distinct. First, Luong's son was not at the store on business but to study. Second, Luong's policy did not require him to exercise due diligence but to maintain the alarm. With Luong's permission, his son was using the office for something wholly unrelated to the business – a frolic. Third, it required him use the alarm, *id est*, turn it on; he did not.

7.    *Unpaid Premium.*

Luong did not pay the down payment required by the policy. Insurance policies – like other contracts – are promises of indemnity in exchange for cash consideration. Mount Vernon promised to pay Luong for some potential losses to him of business property. In exchange, he promised to pay it a cash premium. He did not pay. His nonpayment is a failure of consideration of the policy. He cannot now sue Mount Vernon for failing to cover his losses.

Luong says that he paid the premium on April 11, 2014. His payment was due well before that; his tender, if it was one, was one month after the loss. On April 3, 2014, Mount Vernon notified him that the policy would be cancelled for nonpayment. He did not perform on time.

---

[5] *SFI, Inc.,v. United States Fire Insurance Company*, 634 F.2d 879 (5th Cir. 1981).

8.    *Procurement Fraud.*

Luong's application for insurance said that he had not made a claim, he had not had a policy cancelled in the last three years, and he signed a warranty certifying that he agreed that if those statements were not true the insurer could void the policy.

Luong concedes that his statements were knowingly false. Mount Vernon promised to insure Luong if he was honest on his application. He was not. Luong cannot lie about these underwriting risks yet still enforce the promise he tricked Mount Vernon into making.

9.    *Other Claims.*

Luong also sues Mount Vernon for violation of the Texas Prompt Payment of Claims Act, Texas Unfair Settlement Practices Act, and Deceptive Trade Practices Act, as well as breach of the duty of good faith and fair dealing.

These claims need Mount Vernon's wrongful denial of his insurance claim. Mount Vernon's denial was justified. Luong will take nothing on these claims. That John Luong would invoke something called good faith and fair dealing is peculiar.

10.    *Conclusion.*

John Luong, Perfit Vision, and Eyewear Express, Inc., sued Mount Vernon for denying their claim on an insurance policy. Perfit is Eyewear, and it was not a party to the policy, it will take nothing.

The policy required Luong to tell the truth in his application, pay the premiums, and maintain an alarm. Luong did none. John Luong, the only party with standing, will take nothing from Mount Vernon Fire Insurance Company, having voided the policy by his actions, defaults, and dishonesties.

Signed on September 22, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge